Judgé Haggin
delivered the opinion o.f the Court.
WÁID made a contractor the purchase of two hundred acres of land from Roach, at the price of $200, payable in two equal annual instalments, and accordingly tocdTpossessionand improved; but failing to pay *143 the purchase money, was required by Roach to leave the premises, which he did.
This court is forbidden to control the decision of an inferior court, given on a motion for a new trial, moved on the ground that the verdict is contrary to evidence.
Assumpsit does not lie to recover the value of improvements made by one who had made a contract of purchase and taken possession, but failing m the payments, gave up the premises on demand of the other.
Triplett, for plaintiff.
Waid then commenced suit against Roach, and declared in assumpsit for the improvements made on the land which was contracted for, whilst he was in possession, and for other áervices rendered to Roach; and the question arose in effect, upon the trial of that suit, whether a recovery could be had for the improvements. The circuit court, decided in the affirmative. The jury found a verdict for the plaintiff. A motion was made fora new trial and overruled; and to reverse a judgment rendered upon that verdict, this writ of error is prosecuted.
Whether the jury allowed any thing for the improvements or not, we cannot certainly say. Nor can it be a material inquiry with us, how much, if any thing, was due for other services; for we are forbidden to control the decision of the court, as given upon a motion for a new trial, because the verdict is contrary to the testimony.
But it seems to be well ,settled, that assumpsit cannot be maintained for improvements made under such circumstances, and that the court should have rejected the proof touching that demand, or have superseded its effect by instructions to the jury. See Gilbert's adm'r vs. Wayman, 5 Johns. Rep. 85; Shrieve vs. Grimes, 4 Litt. Rep. 224.
Judgment reversed with costs; new trial and further proceedings, in conformity with this opinion.